No. 12-55839

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

EDNA BENIS, PAMELA MAREK SITES
and TODD MAREK,

Plaintiffs/Appellants,

vs.

SALLIE MAE, INC.,

Defendant/Appellee.

_____

Appeal After An Order of the United States District Court for the
Central District of California
The Honorable Otis D. Wright, II
District Court Case No. 2:11-CV-402

_____

## ANSWERING BRIEF OF
## RESPONDENT SALLIE MAE, INC.

_____

STROOCK & STROOCK & LAVAN LLP
Lisa M. Simonetti (Bar No. 165996)
Marcos D. Sasso (Bar No. 228905)
2029 Century Park East, 16th Floor
Los Angeles, CA  90067-3086
(310) 556-5800

Attorneys for Defendant/Appellee
Sallie Mae, Inc.

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, defendant/ appellee Sallie Mae, Inc., states that:

1.    Sallie Mae, Inc. identifies the following parent corporation and/or publicly held corporation owning 10% or more of Sallie Mae, Inc.'s stock:  Sallie Mae, Inc. is a subsidiary of SLM Corporation, a publicly held corporation.

# <u>TABLE OF CONTENTS</u>

**<u>Page</u>**

I.  INTRODUCTION ................................................................. 1

II.  STATEMENT OF JURISDICTION .................................. 3

III.  STATEMENT OF ISSUES ............................................... 3

IV.  STATEMENT OF THE CASE ......................................... 4

V.  STATEMENT OF FACTS ................................................ 6

    A.  The Allegations Of The TAC. .............................. 6

    B.  The Terms Of The Notes. ..................................... 9

VI.  STANDARD OF REVIEW ........................................... 10

VII.  SUMMARY OF ARGUMENT ..................................... 11

VIII.  ARGUMENT ................................................................ 13

    A.  The District Court Properly Dismissed The Fraud And
    Deceit Claims With Prejudice. .............................. 13

        1.  The Fraud And Deceit Claims Fail Because The TAC
        Does Not Identify Any Misrepresentation Or
        Concealment Of Material Fact In The Notes Relating
        To The Capitalization Of Interest. ............................ 13

        2.  The Order Should Be Affirmed Because Appellants'
        Did Not Sustain Any Damage As A Result Of The
        Alleged "Lack" Of Disclosures. ................................. 17

        3.  The Order Should Be Affirmed Because The TAC
        Fails To Plead Fraud Or Deceit With The Particularity
        Required By Rule 9(b). .............................................. 19

        4.  The Economic Loss Rule Bars Benis And Marek's
        Individual Fraud And Deceit Claim Predicated Upon
        The Alleged Breach Of The Settlement Agreement. . 21

5.      Appellants Fail To Meet Their Burden Of
        Demonstrating That The District Court Abused Its
        Discretion In Denying Leave To Amend. .................. 23

B.      The Dismissal Of Sites' Single Allegation Of Lack Of
        Consent Is Not Properly Before The Court. .......................... 24

IX.   CONCLUSION ................................................................................. 26

LA 51641946

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Ashcroft v. Iqbal,
    556 U.S. 662, 129 S. Ct. 1937,
    173 L. Ed. 2d 868 (2009) .................................................. 11,17, 18

Bell Atl. Corp. v. Twombly,
    550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ............ 11

Brooks v. ComUnity Lending, Inc.,
    No. C 07-4501 JF (PVT), 2010 WL 2680265
    (N.D. Cal. Jul 6, 2010) .......................................................... 19, 20

Chang Bee Yang v. Sun Trust Mortg., Inc.,
    No. 10-CV-01541 AWI SKO, 2011 WL 3875520
    (E.D. Cal. Aug. 31, 2011) ............................................................ 18

Cole v. Sunnyvale,
    No. C-08-05017 RMW, 2010 WL 532428
    (N.D. Cal. Feb. 9, 2010) ............................................................... 17

Epstein v. Washington Energy Co.,
    83 F.3d 1136 (9th Cir. 1996) ......................................................... 10

Fargo v. Sallie Mae, Inc.,
    No. B233714, 2012 WL 2238027
    (Cal. Ct. App. June 18, 2012) ................................................ 2,9,16, 20

Fasugbe v. Willms,
    No. CIV. 2:10–2320 WBS KJN, 2011 WL 2119128
    (E.D. Cal. May 26, 2011) ............................................................... 17

Flowers v. First Hawaiian Bank,
    295 F.3d 966 (9th Cir. 2002) ......................................................... 11

Franceschi v. Schwartz,
    57 F.3d 828 (9th Cir. 1995) ........................................................... 10

LA 51641946

Idaho Sporting Congress, Inc. v. United States Forest Serv.,
   92 F.3d 922 (9th Cir. 1996) ............................................................ 10

Kearns v. Ford Motor Co.,
   567 F.3d 1120 (2009) ...................................................................... 14

Linear Tech. Corp. v. Applied Materials, Inc.,
   152 Cal. App. 4th 115, 61 Cal. Rptr. 3d 221 (2007) ............... 14, 16

Meyer v. Ameriquest Mortg. Co.,
   331 F.3d 1028 (9th Cir. 2003) ........................................................ 15

Multifamily Captive Grp., LLC v.
   Assurance Risk Managers, Inc.,
   629 F. Supp. 2d 1135 (E.D. Cal. 2009) .......................................... 21

Robinson Helicopter Co., Inc. v. Dana Corp.,
   34 Cal. 4th 979, 22 Cal. Rptr. 3d 352 (2004) .............. 13, 21, 22, 23

United Guaranty Mortg. Indem. Co. v. Countrywide Fin. Corp.,
   660 F. Supp. 2d 1163 (C.D. Cal. 2009) .................................... 21, 23

Vess v. Ciba–Geigy Corp. USA,
   317 F.3d 1097 (9th Cir. 2003) ........................................................ 14

WMX Tech., Inc. v. Miller,
   104 F.3d 1133 (9th Cir. 1997) .................................................. 13, 25

Yakama Indian Nation v. Wash. Dep't of Revenue,
   176 F.3d 1241 (9th Cir. 1999) ........................................................ 23

**STATUTES, RULES & REGULATIONS**

15 U.S.C. § 1640(e) ........................................................................... 15

15 U.S.C. § 1601 et seq. ..................................................................... 15

12 C.F.R. pt. 226 ................................................................................ 19

Fed. R. Civ. P. 8(a)(2) ........................................................................ 10

Fed. R. Civ. P. 9(b) ........................................................... 12, 13, 14, 18

# I.    INTRODUCTION

In this appeal, plaintiffs/appellants Edna Benis ("Benis"), Pamela Marek Sites ("Sites") and Todd Marek ("Marek") (collectively, "Appellants") challenge an order (the "Order") of the United States District Court for the Central District of California, the Honorable Otis D. Wright, II, presiding (the "District Court"), granting the motion of defendant/appellee Sallie Mae, Inc. ("Sallie Mae") to dismiss Appellants' Third Amended Complaint ("TAC"). In the TAC, Appellants assert claims for fraud and deceit challenging the routine capitalization of interest by Sallie Mae on student loans (the "Loans") issued to Marek. Appellants Benis and Sites are alleged to have been co-signers on certain of the Loans, although Sites disputes that she consented to be a co-signer and asserts a separate fraud claim based on a single allegation of lack of consent.

Critically, it is undisputed that the Loans are governed by written promissory notes (the "Notes"), setting forth the terms and conditions governing the Loans. The capitalization of interest was disclosed by, and entirely proper under, the Notes. Notably, the District Court granted an earlier motion to dismiss Appellants' Second Amended Complaint, asserting the same fraud claims (as well as breach of contract claims), finding that capitalization is authorized under the Notes and that Sallie Mae is expressly entitled under the Notes to add capitalized interest to the Loans. This appeal does not challenge the District Court's order regarding the Second Amended Complaint.

Quite simply, the fraud claims relating to the disclosure of capitalization of interest fail because the TAC (and each prior

-1-

iteration) fails to identify any misrepresentation or concealment relating to the Notes. Appellants purport to challenge terms that were fully disclosed in the Notes at the outset of the Loans. This includes most importantly the existence, impact and effect of capitalization, including that the total cost of the Loans will increase as a result of capitalization. Appellants' arguments to the contrary – including that the Notes are misleading because they do not disclose that interest "will" be capitalized, only that it "may" be capitalized, and do not disclose the "ultimate effect" of capitalization – are belied by the actual terms of the Notes and do not warrant reversal of the Order.

Indeed, this is the same conclusion reached by the California Court of Appeal in a similar case filed by Appellants' counsel against Sallie Mae. In Fargo v. Sallie Mae, Inc., No. B233714, 2012 WL 2238027, *3 (Cal. Ct. App. June 18, 2012) (unpublished) ("Fargo"), the Court affirmed an order sustaining Sallie Mae's demurrer to a virtually identical complaint asserting similar fraud claims based on the terms of the Sallie Mae promissory notes.[1] Specifically, the Court of Appeal affirmed the lower court's decision because, among other things, the "notes disclosed that interest could be capitalized, and that doing so would increase the borrower's principal balance." Fargo, 2012 WL 2238027, *3. The Order here should be similarly affirmed.

Finally, Appellants' seek reversal of the Order on the grounds that the District Court improperly dismissed Sites' separate fraud claim based on the single allegation of lack of consent. Appellants,

---

[1] While Fargo is unpublished, its reasoning is persuasive and instructive given the nearly identical claims and allegations, and the fact that Appellants' attorney in this case was also counsel in Fargo.

-2-

however, are mistaken. In denying Appellants' motion for reconsideration, the District Court clarified that the Order "was granted only insofar as was contemplated by the moving papers" and Sites' single allegation was carved out of the motion. Appellants' Excerpts of Record ("ER"), Vol. 1, 016. Despite this ruling, Appellants abandoned the claim and requested that the entire action be dismissed. Supplemental Excerpts of Record ("SER"), Vol. 1, 0002-5. In doing so, this Court lacks jurisdiction as to Sites' single allegation and, in any event, this does not support reversal of the District Court's Order.

Accordingly, the Court should affirm the Order in its entirety.

## II.     STATEMENT OF JURISDICTION

Pursuant to Circuit Rule 28.2.2, Sallie Mae agrees with Appellants' Statement of Jurisdiction, with the exception that, as set forth herein, Appellants' contention regarding the dismissal of Sites' single allegation of lack of consent is not properly before this Court, as Appellants' abandoned said claim by voluntarily requesting dismissal of the entire action after the District Court denied Appellants' motion for reconsideration (ER, Vol. 1, 036; SER, Vol. 1, 0002-5). Cf. WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

## III.     STATEMENT OF ISSUES

Did the District Court correctly dismiss Appellants' Third Amended Complaint for failure to state a claim upon which relief could be granted? (Yes.)

-3-

## IV.   STATEMENT OF THE CASE

Appellants' originally commenced separate actions in the Superior Court for the State California, County of Los Angeles, which, following removal by Sallie Mae, were consolidated by the District Court on March 11, 2011.  SER, Vol. 1, 0069-70.  On March 21, 2011, Appellants filed the Second Amended Complaint ("SAC") against Sallie Mae and co-defendants Alliance One, Inc., Windham Professionals, Inc. and Oxford Management Services.[2]  ER, Vol. 2, 115.  In the SAC, Appellants asserted claims for (1) fraud and deceit, and (2) breach of contract, based upon Sallie Mae's conduct in capitalizing interest on student loans issued to Marek, which Benis and Sites co-signed.  ER, Vol. 2, 125-27.

On April 7, 2011, Sallie Mae moved to dismiss the SAC.  SER, Vol. 1, 0050-68.  On August 24, 2011, the District Court granted Sallie Mae's motion in part and denied the motion in part (the "August 2011 Order").  ER, Vol. 1, 040-049.  The District Court:  (1) granted the motion with respect to Appellants' breach of contract claim (id. at 043-45); (2) granted the motion with respect to Appellants' fraud and deceit claim based on allegations that Sallie Mae concealed material provisions of the Notes and/or improperly added capitalized interest to the Loans (id. at 045-48); and (3) denied the motion with respect to Sites' single allegation of lack of consent (id. at 048-49).  Appellants were granted leave to amend.  Id. at 049.

---

[2] All claims against Alliance One, Inc., Windham Professionals, Inc. and Oxford Management Services (collectively, the "Debt Collector Defendants") were dismissed with prejudice and are not part of the instant appeal.  ER, Vol. 1, 28, 30, 34.

Appellants filed the TAC on September 6, 2011, asserting fraud and deceit claims, challenging the provisions of the Notes relating to the capitalization of interest and Sallie Mae's application of capitalized interest to the loans, and alleging that Sites did not consent to co-sign the Loans.  Id., Vol. 2, 077-79.  Appellants also asserted a breach of contract claim based upon the alleged breach of a settlement agreement between Sallie Mae and Benis, relating to Benis' obligations on the Loans.  Id., Vol. 083.  The breach of contract claim, however, is not before this Court on appeal, as the claim was dismissed following settlement of that claim.  See Opening Brief, p. 9; see also ER, Vol. 1, 32.

On October 11, 2011, Sallie Mae moved to dismiss the fraud and deceit claims in the TAC based upon allegations relating to the provisions of the Notes regarding the capitalization of interest and Sallie Mae's application of capitalized interest to the loans.  SER, Vol. 1, 0024-49.  Sallie Mae did not move to dismiss Sites' single allegation of lack of consent.  Id.  On November 14, 2011, the District Court granted Sallie Mae's motion and dismissed the fraud and deceit claims with prejudice (the "November 2011 Order").  ER, Vol. 1, 38. The November 2011 Order does not set forth any findings of fact or conclusions of law, but simply granted Sallie Mae's motion in its entirety.  Id.

On December 6, 2011, Appellants moved for reconsideration of the District Court's November 14, 2011 order, claiming that, in granting dismissal of the fraud and deceit claims with prejudice, the District Court improperly dismissed Sites' single allegation of lack of consent.  ER, Vol. 1, 036.  The District Court denied the

reconsideration motion on December 27, 2011, noting that the motion was "baffling," "superfluous" and "ill-conceived" because the motion was directed to a single allegation that was "carved out of [Sallie Mae's] motion" and the "motion was granted only insofar as was contemplated by the moving papers." Id. The District Court also noted that the reconsideration motion was denied because Appellants were "free to amend their complaint in a timely manner." Id.[3] Appellants did not. Instead, on April 24, 2012, Appellants filed an ex parte application, requesting that the entire case be dismissed because, in Appellants' view, all claims, including the fraud claim premised on Sites' single allegation of lack of consent, had been dismissed. SER, Vol. 1, 0002-5. Based on this representation, the District Court dismissed the entire case on April 25, 2012. SER, Vol. 1, 0001.

## V.    STATEMENT OF FACTS

### A.    The Allegations Of The TAC.

Marek attended Brooks Institute of Photography ("Brooks"), a subsidiary of the Career Education Corporation, from July 2004 through August 2007. ER, Vol. 2, 069 (TAC, ¶ 6). To finance his education at Brooks, Marek obtained six private student loans, two of which were co-signed by Benis (Marek's grandmother) and three of which were co-signed by Sites (Marek's mother). ER, Vol. 2, 069-71 (TAC, ¶¶ 6, 12-14). Marek allegedly "stopped attending Brooks in August 2007," and the "Repayment Period of the loans began on or

---

[3] Together with the August 2011 Order and November 2011 Order, the District Court's December 27, 2011 Order denying Appellants' reconsideration motion are referred to herein as the "Orders."

LA 51641946

about February 2, 2008." ER, Vol. 2, 072 (TAC, ¶ 16). Marek allegedly received a "notice" on or about March 16, 2008, requiring a monthly payment of $1,979. ER, Vol. 2, 073 (TAC, ¶ 22).

Shortly thereafter, the "loans" allegedly "were put in forbearance for six months, meaning payments would not be due during the forbearance period" and an "additional one month forbearance was granted in August 2008." ER, Vol. 2, 073 (TAC, ¶ 23). At the conclusion of the forbearance period, Appellants received a "notice" dated September 17, 2008, allegedly setting forth the "new outstanding principal balances on the loans." ER, Vol. 2, 074 (TAC, ¶ 24). Appellants allege that, following the forbearance period, Sallie Mae "*increased the principal amount* of the loans *without explanation*." ER, Vol. 2, 074 (TAC, ¶ 25 (emphasis in original)). After Appellants admittedly defaulted on the loans, the Notes were allegedly sold to the Debt Collector Defendants. ER, Vol. 2, 074-75 (TAC, ¶¶ 26-27).

With regard to fraud and deceit, the TAC alleges that Sallie Mae "through its representatives, employees and agents, gave deceitfully false and misleading information and made omissions of critical information, in a pervasive pattern, in writing," to Appellants as follows:

> (A) "using equivocal and misleading language in the promissory notes such that there is no clear or conspicuous explanation of the true meaning of the terms related to capitalized interest;"
>
> (B) "describing 'capitalized interest' as a process that 'MAY' add interest or fees due, and not yet paid, to the principal amount when the operative word should be

'SHALL' or 'WILL' rather than 'MAY' (LOANS A-E, para. B-3);"

(C)     "failing to explain with conspicuous language what will trigger the addition of capitalized interest to the principal;"

(D)     "failing to clearly explain with conspicuous language that capitalization was certain to occur if the borrower is unable to make timely payments;"

(E)     "failing to clearly explain with conspicuous language when the capitalized interest will be added to the principal;"

(F)     "failing to clearly explain with conspicuous language the ultimate effect capitalization will have to cause the loan principal to dramatically increase;"

(G)     "failing to clearly explain with conspicuous language how the capitalized interest will affect loan payments;"

(H)     "adding 'Capitalized Interest' and/or other amounts of unknown charges to the Sallie Mae Signature Loans which *increased the principal* of the loans to unexpected amounts . . .;"

(I)     "providing disclosure statements with no reference to 'Capitalized Interest;'"

(J)     "signing Mrs. Sites' signature on the loans without her permission or consent;" and

(K)     "collecting $14,667 for LOANS A and B loans, as payment in full, and continuing to seek payment of the loans, in breach of the Settlement (Exhibit G)."

ER, Vol. 2, 077-79 (TAC, ¶38 (emphasis in original)).  Each of the foregoing are claimed by Appellants to be "important" and/or "material" facts.  ER, Vol. 2, 081 (TAC, ¶¶ 44-48).

-8-

**B.    The Terms Of The Notes.**

The Notes are the operative loan documents, and the contracts at issue.  ER, Vol. 2, 070-71 (TAC, ¶ 12).  Appellants attached as Exhibits A-F to the TAC purported copies of the Notes at issue.[4] Contrary to the allegations of the TAC (and as recognized by the District Court and the <u>Fargo</u> Court), the Notes clearly explain the existence, impact and effect of capitalization, including that the total cost of the loan will increase.  Specifically, the Notes state:

> Interim Period – The "Interim Period" will begin on the day my loan is disbursed.  My Interim Period will end 6 months after I graduate or drop below half-time enrollment at an eligible school.

ER, Vol. 2, 090-112 (TAC, Exs. A-E, at § B.1); SER, Vol. 1, 0029 (RJN Ex. 1 at, § B.1).

> Repayment Period – The "Repayment Period" will begin on the day after the Interim Period ends and will continue up to 300 months depending on my loan balance.

ER, Vol. 2, 090-112 (TAC, Exs. A-E, at § B.2); SER, Vol. 1, 0029 (RJN Ex. 1 at, § B.2).

> Capitalized Interest and Other Amounts – From time to time, any interest, fees, charges and costs due and not yet paid may be added, without notice, to the principal amount of the loan.  This addition is called "capitalizing."    Since    interest    accrues    on    the

---

[4] Although Appellants claimed to have attached to the TAC copies of the Notes they contend govern Loans A-F, Exhibit F to the TAC is incomplete, as Appellants only attached the application for "LOAN F" and not the corresponding Note.  A complete copy of the Note for "LOAN F" was submitted as an exhibit to Sallie Mae's Request for Judicial Notice in support of its motion to dismiss.  SER, Vol. 1, 0028-34.

-9-

outstanding principal balance, capitalizing increases
the total cost of the loan.

ER, Vol. 2, 090-112 (TAC, Exs. A-E, at § B.3); SER, Vol. 1,

0029 (RJN Ex. 1 at, § B.3).

Interest on this Note will accrue at the Variable Rate
(as defined below), beginning on the first
Disbursement Date, on the principal balance advanced
and Capitalized Interest and Other Amounts, until the
principal balance and all accrued interest are paid in
full.

ER, Vol. 2, 090-112 (TAC, Exs. A-E, at § C.1); SER, Vol. 1,

0029 (RJN Ex. 1 at, § C.1).

I am not required to make payments during the Interim
Period.  You will capitalize unpaid accrued interest at
the beginning of the Repayment Period.

ER, Vol. 2, 090-112 (TAC, Exs. A-E, at § D.1); SER, Vol. 1,

0029 (RJN Ex. 1 at, § D.1).

Since interest accrues daily upon the unpaid principal
balance of my loan, if I make payments after my
payment due dates, I may owe additional principal and
interest, fees and charges at the end of the Repayment
Period.  In such case, I shall pay the additional
amounts, and you may, but are not required to,
lengthen the Repayment Period.

ER, Vol. 2, 090-112 (TAC, Exs. A-E, at § D.5); SER, Vol. 1, 0029

(RJN Ex. 1 at, § D.6).

## VI.     STANDARD OF REVIEW

"A dismissal for failure to state a claim pursuant to Fed. R. Civ.

P. 12(b)(6) is reviewed de novo."  Idaho Sporting Congress, Inc. v.

United States Forest Serv., 92 F.3d 922, 925 (9th Cir. 1996) (citing

Franceschi v. Schwartz, 57 F.3d 828, 830 (9th Cir. 1995)).  "All

allegations of material fact are taken as true and construed in the light

most favorable to Plaintiffs.  []  However, conclusory allegations of

-10-

law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted). To survive a dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. Where the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown[n]' – 'that the pleader is entitled to relief." Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Leave to amend is properly denied "where amendment would be futile . . . ." Flowers v. First Hawaiian Bank, 295 F.3d 966, 976 (9th Cir. 2002).

## VII.   SUMMARY OF ARGUMENT

The District Court correctly granted Sallie Mae's motion to dismiss the TAC. Appellants' claim to be "left in a vacuum of reason" as to how the District Court reached its decision as reflected in the November 2011 Order because such order did not include findings of fact or conclusions of law. (Opening Brief, p. 13.) Of course, the August 2011 Order includes a thorough and detailed discussion regarding the legal and factual inadequacies of Appellants' claims. On de novo review, this Court can affirm the November 2011 Order based on the reasons and rationale set forth in the August 2011 Order, which apply equally to the claims in the TAC. As

-11-

demonstrated below, and most importantly, the Notes clearly establish that capitalization of interest on the Loans was fully disclosed and entirely proper. The Notes are clear – unpaid accrued interest would be capitalized at the beginning of the Repayment Period and, most importantly, Capitalized Interest would <u>increase</u> the total cost of the loans. This cannot be refuted. As the District Court recognized, these clear disclosures defeat the fraud and deceit claims. Nothing in the Opening Brief changes this conclusion.

Despite at least two attempts, Appellants have not identified any misrepresentation or concealment of "material" fact in the Notes. Again, the provisions relating to the definition of "Capitalized Interest" and its effect, are, and remain, perfectly clear. Appellants' assertions regarding the "effect" of capitalized interest are unavailing. Under the express terms of the Notes, Appellants knew <u>at the time the loans were disbursed</u> that capitalization would <u>increase</u> the total cost of the loans. Similarly, Appellants cannot identify any duty (under statutory or common law) to disclose the precise numerical impact of future interest or capitalization of that interest. Indeed, as a practical matter, such a requirement would be nearly impossible to make given that the length time Marek would remain in school would be unknown and the Loans are subject to a variable rate. Similarly, the allegations of the TAC fail to plead fraud or deceit with the particularity required by Rule 9(b). Indeed, Appellants – as they did before the District Court – confirm that the "who," "what," "when" and "how" of their fraud and deceit claims are the Notes themselves. Appellants' continued reliance on the terms of the Notes demonstrates that there are no allegations available that could remedy the defect in the claims.

-12-

Finally, Appellants voluntarily abandoned their fraud claim relating to Sites' single allegation of lack of consent. It is not an issue of "law of the case," as Appellants contend, but rather the voluntary abandonment of the claim after the District Court denied Appellants' reconsideration motion. Notably, in denying the reconsideration motion, the District Court noted that Appellants could "amend their complaint in a timely manner." ER, Vol. 1, 037. Appellants – whether by mistake or inadvertence – did not amend and, instead, voluntarily abandoned the last remaining claim by requesting that the District Court dismiss the entire case. SER, Vol. 1, 002-5. As a result, the claim is not appealable and there certainly is no basis for reversal of the Order. See, e.g., WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (ruling that "a plaintiff, who has been given leave to amend, may not file a notice of appeal simply because he does not choose to file an amended complaint").

## VIII.  ARGUMENT

### A.  The District Court Properly Dismissed The Fraud And Deceit Claims With Prejudice.

#### 1.  The Fraud And Deceit Claims Fail Because The TAC Does Not Identify Any Misrepresentation Or Concealment Of Material Fact In The Notes Relating To The Capitalization Of Interest.

The elements of fraud are:  (1) a misrepresentation (false representation, concealment, or nondisclosure) of material fact; (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 990, 22 Cal. Rptr.

-13-

3d 352 (2004). The elements of an action for fraud and deceit based on concealment are: (1) the defendant must have concealed or suppressed a material fact; (2) the defendant must have been under a duty to disclose the fact to the plaintiff; (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact; and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage. Linear Tech. Corp. v. Applied Materials, Inc., 152 Cal. App. 4th 115, 131, 61 Cal. Rptr. 3d 221 (2007).

Furthermore, under the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure, "a party must state with particularity the circumstances constituting fraud." "Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba–Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal citations omitted); see also Kearns v. Ford Motor Co., 567 F.3d 1120, 1127 (2009) (because "nondisclosure is a claim for misrepresentation in a cause of action for fraud, it (as any other fraud claim) must be pleaded with particularity under Rule 9(b)").

Here, the claims for fraud and deceit fail for the critical reason that the TAC does not identify any misrepresentation or concealment relating to the Notes. In the Opening Brief, Appellants posit the same flawed argument rejected by the District Court – that the "material" omission or concealment is the alleged failure to disclose or explain in the Notes the ultimate effect of capitalization on the Loans. See

-14-

Opening Brief, pp. 21-26.   This argument is unpersuasive for a number of reasons.

First, the terms of the Notes are, and remain, perfectly clear: "Capitalized Interest" (i.e., "any Interest, fees, charges and costs <u>due and not yet paid</u>") "may be added, without notice, to the principal amount of the loan" and "[s]ince interest accrues on the outstanding principal balance, <u>capitalizing increases the total cost of the loan</u>." ER, Vol. 2, 090-112 (TAC, Exs. A-E, § B.3 (emphasis added)). Similarly, the Notes are clear that Sallie Mae "<u>will</u> capitalize unpaid accrued interest at the beginning of the Repayment Period." ER, Vol. 2, 090-112 (TAC, Exs. A-E, § D. 1 (emphasis added).  As the District Court recognized, the terms of the Notes provide "that Sallie Mae was entitled to add interest that accrued from the date of disbursement to the principal of the loan once the 'Repayment Period' began." ER, Vol. 1, 044.

Second, Appellants' assertions regarding the alleged failure to disclose at the time of disbursement the ultimate numerical impact of capitalization on the amount of the Loans – put differently, the "loan amounts owing at the beginning of the Repayment Period" (see Opening Brief, pp. 22-23) – are equally unavailing.  Tellingly, Appellants do not allege a duty (under either statute or common law) to disclose the precise numerical impact of future interest or capitalization of that interest.[5]  Absent such a duty, the TAC lacks a

---

[5] Appellants' citation to August 2008 amendments to the federal Truth in Lending Act, 15 U.S.C. § 1601 <u>et seq.</u> ("TILA") (<u>see</u> Opening Brief, pp. 20-21) are irrelevant.   Appellants do not assert TILA disclosure claims and any such claims plainly would be time-barred. <u>See</u> 15 U.S.C. § 1640(e) ("Any action under this section may be

-15-

critical element of a claim for fraud and deceit based on concealment. See, e.g., Linear Tech. Corp., 152 Cal. App. 4th at 131; see also Fargo, 2012 WL 2238027, *3. Further, as a practical matter, the "uncertainty about the length of time that [Marek] could attend school rendered it difficult, if not impossible, to quantify that amount." Fargo, 2012 WL 2238027, *3 Put simply, the provisions of the Notes are clear, and the Opening Brief fails to show otherwise.

Finally, contrary to Appellants' suggestion, the TAC's allegations regarding the effect of capitalized interest in increasing the balance on the loans following the end of the forbearance period (Opening Brief, p. 24) do not state a fraud or deceit claim. Again, the effect of capitalization is fully disclosed (i.e., "Since interest accrues on the outstanding principal balance, capitalizing increase the total cost of the loan."). Notably, Appellants do not contend that they believed, or were ever informed, that unpaid interest accrued during the forbearance period would not be capitalized at the start of the Repayment Period. In fact, Appellants admitted in the SAC that, on or about March 26, 2008, they received a letter from Sallie Mae

---

brought . . . within one year from the date of the occurrence of the violation"); Meyer v. Ameriquest Mortg. Co., 331 F.3d 1028, 1030 (9th Cir. 2003), as amended, 342 F.3d 899, 902 (9th Cir. 2003) ("The failure to make the required disclosures occurred, if at all, at the time the loan documents were signed"). More importantly, each Loan at issue was issued before August 2008 and, in fact, the loans were already in forbearance at the time of the purported "amendment." Indeed, Appellants admit, as they must, that the amendments "became effective, August 14, 2008, a year after Todd Marek left Brooks." (Opening Brief, p. 20.) Appellants cite no authority establishing that the "amendment" applies retroactively.

-16-

expressly explaining that unpaid capitalized interest would be added to the principal balance during, and at the end of, the forbearance period.[6]  ER, Vol. 2, 120 (SAC, ¶ 19); SER, Vol. 1, 0048-49 (RJN Ex. 3).  This admission (and the March 26, 2008 letter upon which it is based) make clear that Sallie Mae did explain that the Loans would increase following forebearance.

Based on the foregoing, the Order should be affirmed.

**2.    The Order Should Be Affirmed Because Appellants' Did Not Sustain Any Damage As A Result Of The Alleged "Lack" Of Disclosures.**

Appellants' contention that they have been damaged by an alleged "lack of disclosures" (Opening Brief, pp. 26-27) is simply a repackaging of their "ultimate effect of capitalization" arguments and similarly does not warrant reversal of the Order.  Quite simply, the

---

[6] Appellants inexplicably omitted this allegation from the TAC.  It is well settled that deleted allegations from prior complaints can be considered in assessing the plausibility of allegations in subsequent complaints.  See Fasugbe v. Willms, No. CIV. 2:10–2320 WBS KJN, 2011 WL 2119128, at *5-6 (E.D. Cal. May 26, 2011) (considering contradictory allegations in original and amended complaints and, while the court "[did] not speculate as to what actually happened," the court found that it could "properly consider the plausibility of the [amended complaint] in light of the prior allegations" and granting motion to dismiss subsequent complaint, in part, because plaintiff did not adequately explain inconsistencies between complaints); see also Cole v. Sunnyvale, No. C-08-05017 RMW, 2010 WL 532428, at *4 (N.D. Cal. Feb. 9, 2010) ("The court may also consider the prior allegations as part of its 'context-specific' inquiry based on its judicial experience and common sense to assess whether the Third Amended Complaint plausibly suggests an entitlement to relief, as required under [Iqbal].").

-17-

TAC is devoid of allegations that Appellants sustained damages as a result of reasonable reliance on a fraudulent statement. This, of course, is a necessary element of a fraud claim, as the District Court held in dismissing the fraud claims in the SAC. ER Vol. 1, 048 (Order at 9 n.4 (dismissing fraud claim because Appellants failed to "clearly articulate how the allegation of no end date provided for [in] the loans" caused damages)); see also Chang Bee Yang v. Sun Trust Mortg., Inc., No. 10-CV-01541 AWI SKO, 2011 WL 3875520, at *3 (E.D. Cal. Aug. 31, 2011) (noting that a claim for fraud and deceit requires allegations that plaintiffs justifiably relied on misrepresentations and suffered damages as a result of that reliance) (citation omitted).

Again, the effect of capitalization is, and always had been, fully disclosed. Moreover, Appellants expressly "promise[d] to pay . . . according to the terms [of the Notes] the sum of: the Loan Amount Requested . . . [and] other interest fees and charges accrued or capitalized on the Loan Amount as described in [the] Note[s] . . . ." ER, Vol. 2, 091 (TAC Ex. A-2 (§ A) (emphasis added)). The "damages" Appellants allege to have suffered (i.e., the original amount of the loans plus capitalized interest) are precisely the amounts that Appellants expressly promised to pay. The conclusory assertion that Appellants were "damaged" by the disclosures is the type of "naked assertion" or mere "legal conclusion" that the Court need not accept as true. See, e.g., Iqbal, 556 U.S. at 678 (noting that a complaint does not suffice "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (citation omitted).

-18-

**3.    The Order Should Be Affirmed Because The TAC Fails To Plead Fraud Or Deceit With The Particularity Required By Rule 9(b).**

In the Opening Brief, Appellants claim – as they did before the District Court – that the "who," "what," "when" and "how" of their fraud and deceit claims are the Notes themselves and the failure to disclose the "effect" capitalization would have on the principal amounts of the loans.  (Opening Brief, pp. 28-29.)  These arguments fail for the reasons discussed above, which are not repeated herein. Appellants continued (and exclusive) reliance on the terms of the Notes demonstrates that there are no allegations that could remedy the defect in the claims, as the District Court twice has ruled.

Furthermore, Appellants' reliance on <u>Brooks v. ComUnity Lending, Inc.</u>, No. C 07-4501 JF (PVT), 2010 WL 2680265 (N.D. Cal. Jul 6, 2010) – the only case Appellants cite – is unavailing and that decision is easily distinguishable.  In <u>Brooks</u> (a putative class action), plaintiff asserted fraud claims against defendants for failing to disclose "important information" in plaintiff's mortgage documents "in the clear and conspicuous manner" required by TILA, and its implementing Regulation Z, 12 C.F.R. pt. 226.  <u>Brooks</u>, 2010 WL 2680265, *1.    Plaintiff argued that the loan documents were misleading because they failed to disclose the certainty that negative amortization would occur (thereby increasing the balance of the loan) if she followed the actual payment schedule disclosed in the loan documents.  <u>Id.</u>  The court agreed, finding that the disclosures, "while not literally false, were *misleading*" because "the minimum payment *necessarily* was insufficient to pay the monthly interest on the loan,

-19-

making negative amortization a certainty" if plaintiff followed the payment schedule. Id. at * 8 (emphasis in original). "Despite [the certainty of its occurrence], the concept of negative amortization was described only as a possibility" in the loan documents. Id. Thus, the disclosures were misleading and not "clearly and conspicuously" disclosed as TILA required. Id.

Here, Appellants do not contend that they were misled or confused by provisions in the Notes (as plaintiff was by the payment schedule in Brooks) to believe that capitalization would not occur. Nor can they. The Notes clearly explain the existence, impact and effect of capitalization, including that interest accrues on the Loans until payment in full, the total cost of the loan will increase and unpaid accrued interest "will" be capitalized at the beginning of the Repayment Period. Further, and as discussed above, unlike in Brooks, where defendants had a duty under TILA to "clearly and conspicuously" disclose the concept of negative amortization and its effect, Appellants cannot assert a duty (under either statutory or common law) to disclose the precise numerical impact of future interest or capitalization of that interest. Finally, the lone fact that the Notes state that interest "may" be capitalized, rather than "will" be capitalized, is irrelevant – the result is the same. In either case, the Notes disclose that interest could be capitalized and, as a result, balances of the Loans would be increased. See Fargo, 2012 WL 2238027, *3. Moreover, unlike Brooks, there is no "undisclosed certainty" that capitalization will occur, as Appellants contend; under the terms of the Notes, if the borrower pays the accrued interest prior to the capitalization event, the interest will not be capitalized.

-20-

Based on the foregoing, the Order should be affirmed.

4.     **The Economic Loss Rule Bars Benis And Marek's Individual Fraud And Deceit Claim Predicated Upon The Alleged Breach Of The Settlement Agreement.**

Under California law, the "economic loss" doctrine "precludes recovery for 'purely economic loss due to disappointed expectations,' unless the plaintiff 'can demonstrate harm above and beyond a broken contractual promise.'" Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc., 629 F. Supp. 2d 1135, 1145 (E.D. Cal. 2009) (citation omitted). The rule seeks to "prevent[] the law of contract and the law of tort from dissolving one into the other." Robinson Helicopter, 34 Cal. 4th at 988 (internal quotation marks omitted). Put differently, the economic loss rule bars claims for fraud and deceit where there is no threat of personal damages independent of the plaintiff's economic loss and where "the alleged misrepresentations are not conceptually distinct from the contract." See United Guaranty Mortg. Indem. Co. v. Countrywide Fin. Corp., 660 F. Supp. 2d 1163, 1184 (C.D. Cal. 2009) (dismissing plaintiff's cause of action for negligent misrepresentation against lender based on California's economic loss rule).

In the TAC, Benis and Marek purport to allege fraud claims based upon the same factual allegations as their (now dismissed) breach of contract claim, i.e., that Sallie Mae and Alliance breached the settlement agreement between Sallie Mae and Benis, relating to Benis' obligations on the Loans. ER, Vol. 2 079 (TAC, ¶ 38(K)). Critically, Appellants cite no facts or law supporting the argument that the economic loss rule does not bar the fraud claim based upon the

-21-

alleged breach of Benis' alleged settlement agreement. In fact, Appellants refer once again to the claimed failure to adequately disclose the "ultimate effect of undisclosed capitalization" to support their argument that the economic loss rule does not apply. Opening Brief, p. 34. The disclosures relating to capitalized interest have no bearing at all on whether the viability of the specific fraud allegation (cited in the TAC) is precluded by the economic loss doctrine. In short, the allegations underlying Benis and Marek's fraud claims mirror those underlying their breach of contract claims (which are not the subject of this appeal). Thus, the fraud claim is barred by the economic loss doctrine.

Appellants' reliance on Robinson Helicopter Co. v. Dana Corp., is inapposite. In Robinson Helicopter, plaintiff (a helicopter manufacturer) brought an action against defendant (a parts supplier) for breach of contract and fraud after defendant changed the specifications for helicopter clutches without informing plaintiff and in violation of the parties' contract. Robinson Helicopter Co., 34 Cal. 4th at 985-86. Defendant also provided written certificates to plaintiff with each clutch delivery, certifying that the clutches conformed with the manufacturing specifications of the contract, despite the subsequent changes. Id. at 986.

The California Supreme Court found that, "[b]y issuing false certificates of conformance, [defendant] unquestionably made affirmative representations that [plaintiff] justifiably relied on to its detriment." Id. at 990-91. The supplying of false certificates "was separate from the breach itself, which involved [defendant's] provision of the nonconforming clutches" and potentially exposed

-22-

plaintiff to "liability for personal damages" from third-party purchasers independent of the parties' contract.  Id.  Based on these facts, the economic loss rule did not bar plaintiff's fraud claims "because they were independent of [defendant's] breach of contract."  Id. at 991.  The Court recognized that its "holding" was "narrow in scope and limited to a defendant's affirmative misrepresentations, on which a plaintiff relies and which expose a plaintiff to liability for personal damages independent of the plaintiff's economic loss."  Id. at 993.

Here, unlike in Robinson Helicopter, the allegations relating to the breach of Benis' settlement agreement "are not conceptually distinct" from the allegations supporting the breach of contract claims (see United Guar. Mortg. Indem. Co., 660 F. Supp. 2d at 1184); rather, for both claims, the TAC alleges that Sallie Mae purportedly attempted to collect on the allegedly settled loans after payment by Benis.  This "subsequent conduct" does not "arise[] independent of" Benis' agreement (Opening Brief, p. 33) – it is precisely the conduct that Appellants allege constitutes a breach of the Benis/Marek Agreement.  Accordingly, the Order should be affirmed.

### 5.   Appellants Fail To Meet Their Burden Of Demonstrating That The District Court Abused Its Discretion In Denying Leave To Amend.

On appeal, a trial court's refusal to grant leave to amend is reviewed for abuse of discretion.  See Yakama Indian Nation v. Wash. Dep't of Revenue, 176 F.3d 1241, 1246 (9th Cir. 1999).  "Amendment under the Federal Rules of Civil Procedure should be granted 'unless

-23-

amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay.'" Id. (citation omitted).

Here, Appellants make no showing whatsoever as to how the TAC can be amended with respect to the fraud and deceit claims predicated upon the disclosure, and Sallie Mae's addition, of capitalized interest. This is not surprising, as the Opening Brief simply repeats the same arguments Appellants twice made before the District Court. Appellants' reliance upon the same deficient arguments (including that the "material" omission or concealment are the Notes themselves) demonstrates that there are no new facts and any amendment is futile. Accordingly, the Order should be affirmed.

**B.      The Dismissal Of Sites' Single Allegation Of Lack Of Consent Is Not Properly Before The Court.**

Appellants' request for reversal of the November 2011 Order on the grounds that the District Court committed "legal error" (see Opening Brief, pp. 16-17) is not properly before this Court. Appellants request is based upon their own misinterpretation or misunderstanding of the Court's December 2011 Order denying Appellants' reconsideration motion. In the December 2011 Order, the District Court noted that the motion was "baffling" because Appellants' reconsideration motion to dismiss was directed at a single allegation that was "carved out of [Sallie Mae's] motion" and the "motion was granted only insofar as was contemplated by the moving papers." ER, Vol. 1, 036. Id. The District Court further noted that the reconsideration motion was denied because Appellants were "free to amend their complaint in a timely manner." Id. Despite this explanation, Appellants elected not to pursue the single allegation of

-24-

"lack of consent" and, instead, requested that the District Court dismiss the entire action.  SER, Vol. 1, 0002-5.  Thus, Appellants – whether by mistake or inadvertence – effectively abandoned the claim.

Appellants mistakenly conclude that the November 2011 Order is "legal error."  Opening Brief, pp. 16-17.  However, as discussed, the dismissal of the claim resulted from Appellants' election to dismiss the claim, not from a decision by the District Court to, as Appellants contend, "exercise discretionary reconsideration of, and change," of the August 2011 Order.  Id.  By analogy, Appellants' request that the entire case be dismissed is akin to a plaintiff electing not to amend a complaint a complaint when leave to amend is granted.  In that context, this Court has recognized that there is no appealable issue, and the Court lacks jurisdiction.  Cf. WMX Tech., Inc. v. Miller, 104 F.3d at 1136.

Notably, Appellants do not cite any authority for the proposition they posit here – that the voluntary abandonment of a claim is subject to later appellate review.  Appellants fail to demonstrate any basis for appeal or any error with respect to the November 2011 Order on the part of the District Court that led to the dismissal of the entire case and, as a result, the abandonment of Sites' single allegation of lack of consent is not a basis to reverse the Order.

## IX.   CONCLUSION

For the foregoing reasons, Sallie Mae respectfully requests that the Court affirm the District Court's Order.

DATED:  June 5, 2013

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
MARCOS D. SASSO

By:            s/ Marcos D. Sasso
            Marcos D. Sasso

Attorneys for Defendant/Appellee
   SALLIE MAE, INC.

-26-

LA 51641946

## STATEMENT OF RELATED CASES

(Circuit Rule 28-2.6)

Pursuant to Circuit Rule 28-2.6, defendant/ appellee Sallie Mae, Inc. states that there are no cases deemed related pending in this Court.

DATED:  June 5, 2013

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP
LISA M. SIMONETTI
MARCOS D. SASSO

By:            s/ Marcos D. Sasso
_____
Marcos D. Sasso

Attorneys for Defendant/Appellee
   SALLIE MAE, INC.

**Form 6.    Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

☒ this brief contains  6,727  words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

□ this brief uses a monospaced typeface and contains_____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

☒ this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* Microsoft Word 2010
*(state font size and name of type style)* 14 font, Times New Roman , *or*

□ this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____
with *(state number of characters per inch and name of type style)*

_____ .

Signature | s/ Marcos D. Sasso

Attorney for | defendant/appellee Sallie Mae, Inc.

Date | June 5, 2013

| 9th Circuit Case Number(s) | 12-55839 |
|---|---|

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) June 5, 2013 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format)    s/Marcos D. Sasso

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## CERTIFICATE OF SERVICE
### When <u>Not</u> All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format)