No. 12-55839

In the
United States Court of Appeals
for the
Ninth Circuit

---

EDNA BENIS, PAMELA MAREK SITES,
and TODD MAREK,

                                Plaintiffs-Appellants

v.

SALLIE MAE, INC.,

                                Defendant-Appellee.

---

Appeal from an Order of the United States District Court
for the Central District of California
No. 2:11-CV-402 by the Honorable Otis D. Wright, II

---

# REPLY BRIEF OF APPELLANTS

---

Patricia Lewis, California Bar No. 212728
Lewis Law
755 West A Street, Suite 100
San Diego, California   92101-0700
(619) 225-0747 Telephone
(619) 255-2452 Facsimile
Attorney for Appellants,
Edna Benis, Pamela Marek Sites, and
Todd Marek

TABLE OF CONTENTS

|  |  |  | Page |
|---|---|---|---|
|  | Table of Authorities | | ii |
| I. | Introduction | | 1 |
| II. | Argument | | 2 |
|  | A. | The Appeal is Properly Before this Court | 2 |
|  | B. | Sallie Mae Has a Duty to Disclose Material Facts | 5 |
|  | C. | TILA Limitations Period Does Not Apply to this Appeal | 9 |
|  | D. | The Debtors' Damages Include Capitalized Interest and Loss of Credit | 9 |
|  | E. | The Debtors Relied Upon Sallie Mae to Tell the Truth | 10 |
|  | F. | The Second Cause of Action for Breach of Contract Is Not Before This Court | 11 |
| III. | Conclusion | | 13 |

## TABLE OF AUTHORITIES

Page

Cases

*Ahcom, Ltd. v. Smeding*, 623 F.3d 1248 (9th Cir. 2010) .................... 5

*Fargo v. Sallie Mae, Inc.*, 2012 WL 2238027 (Not Reported), rev.denied ..... 9

*Lippitt v. Raymond James Financial Services, Inc.*, 340 F.3d 1033

    (9th Cir. 2003) .................................................. 5

*Marketing West, Inc. v. Sanyo Fisher (USA) Corporation* (1992)

    6 Cal.App.4th 603 ............................................... 8

*Mirkin v. Wasserman* (1993) 5 Cal.4th 1082 ............................ 10

*Rogers v. Warden* (1942) 20 Cal.2d 286 ............................... 8

*WMX Technologies, Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) ........... 4


Statutes

15 U.S.C. § 1601 ...................................................... 6

15 U.S.C. § 1638 ...................................................... 6

California Civil Code Section 1709 .................................. 6, 8

California Civil Code Section 1710 ................................. 6, 7, 8

<u>Rules</u>

Federal Rule of Civil Procedure 9 .................................  10

Federal Rule of Civil Procedure 12 ................................   2

I.   INTRODUCTION

Plaintiffs-appellants, Edna Benis ("Mrs. Benis"), Pamela Marek Sites ("Mrs. Sites"), and Todd Marek, collectively referred to as "the debtors," submit the following reply to the answering brief of respondent, Sallie Mae, Inc. ("Sallie Mae").

The appeal requests the court to determine whether dismissal of the debtors' first cause of action for fraud and deceit on November 14, 2011[1], was proper and specifically whether Mrs. Sites' claim for fraud based on forgery was properly dismissed when dismissal was denied on August 24, 2011.

Debtors reply to Sallie Mae's arguments that:

(a)   the appeal is not properly before this court (Answer, pp. 24);

(b)   Sallie Mae had no duty to disclose material facts (Answer, p. 15);

(c)   the federal Truth in Lending Act ("TILA") [15 U.S.C. § 1640(e)] reliance is time-barred (Answer p. 15, FN 5);

(d)   the debtors sustained no damages (Answer, p. 17);

---

[1] Debtors note that the opening brief erroneously stated the District Court's order of dismissal to be November 24th rather than the true date of November 14, 2011, and respectfully apologize to the court for that mistake (Opening Brief, p. 2)

-1-

(e) the debtors' reliance on the terms of the promissory notes ("Notes") fails to meet the burden of pleading fraud and deceit (Answer, p. 19); and

(f) this appeal involves the dismissed breach of contract claim settled by Mrs. Benis and Todd Marek (Answer, p. 21).

II.   ARGUMENT

A.   The Appeal is Properly Before this Court.

Sallie Mae argues that the District Court's order on reconsideration was denied without prejudice to amend the complaint (Answer, p. 24). Debtors disagree. There were two reconsideration requests before the District Court: the first addressing the order of dismissal with prejudice (ER 39) on Sallie Mae's motion to dismiss under Federal Rules of Civil Procedure Rule 12 (ER 178 [139] ), and the other addressing the order of dismissal without prejudice on collector defendants, Alliance One, Inc, and Alliance One, Inc. dba Alliance One Receivables Management, Inc.'s ("Alliance"), motion to dismiss (ER 179 [143]). The order on reconsideration denied both reconsideration requests although the debtors were given leave to amend their pleading as to Alliance (ER 36).

The order denying reconsideration contains three paragraphs: the first paragraph denies the request as to the order on Sallie Mae's motion and next two paragraphs address the request as to the order on Alliance's motion. The Alliance request was based on the debtors having submitted illegible opposition papers which had been immediately re-submitted in a legible format. The District Court stated it had not considered the legible papers when it granted Alliance's motion. In the third paragraph of the reconsideration order, the District Court wrote, "As the Court had granted Defendants' motion to dismiss without prejudice, ..." the debtors would be free to amend the complaint (ER 37). Because the Sallie Mae order of dismissal was made with prejudice (ER 39), leave to amend could only have been given as to the Alliance defendants.

In its order on reconsideration, the District Court's use of the word 'defendants' in the plural (ER 37) still only referred to Alliance because Alliance was identified as two separate defendants in the pleadings: as Alliance One, Inc., and then as Alliance One, Inc., doing business as Alliance One Receivables, Inc. (ER 67, 115). Hence, the reconsideration order stating that the order of dismissal without prejudice was as to "defendants" in the plural would refer to both Alliance defendants.

Sallie Mae also argues that the debtors voluntarily abandoned their claims when they requested the entire case be dismissed (Answer, p. 25). After the District Court denied the debtors' petition for reconsideration as to Sallie Mae on December 27, 2011 (ER 36), the debtors settled all other claims with all other defendants, leaving only the first cause of action for fraud and deceit against Sallie Mae to bring before this tribunal on appeal. Collector defendant, Oxford Management Services, was ordered dismissed by stipulation on January 30, 2012 (ER 34). The second cause of action for breach of contract was settled with Sallie Mae and ordered dismissed by stipulation on February 16, 2012 (ER 32). Alliance was ordered dismissed by stipulation on February 21, 2012 (ER 30). Collector defendant, Windham Professionals, was dismissed by stipulated order on April 9, 2012 (ER 28).

On April 23, 2012, the District Court set a scheduling conference for hearing on August 13, 2012 (ER 181 [163]). The debtors then submitted an ex parte order to the District Court identifying the dismissals and requesting the scheduling conference be vacated (SER002), which was so ordered (SER 001).

A district court order granting leave to amend is not a final appealable order. See, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Dismissal of a complaint without leave to amend is an effective

termination of that action. See, *Ahcom, Ltd. v. Smeding,* 623 F.3d 1248, 1250 (9th Cir. 2010). A voluntary dismissal with prejudice is a final, appealable order. See, *Lippitt v. Raymond James Financial Services, Inc.,* 340 F.3d 1033, 1038 (9th Cir. 2003). Here, after the District Court dismissed with prejudice all of the debtors' claims against Sallie Mae, the debtors wished to pursue their appellate rights of the matter. Thus, the debtors settled the remaining claims and filed dismissals with prejudice of those matters, thereby placing the debtors in a position for appeal of the issues of fraud and deceit as alleged in the first cause of action against Sallie Mae. The matter is properly before this court.

B.   Sallie Mae Has a Duty to Disclose Material Facts

While Sallie Mae argues that it has not committed fraud, made misrepresentations or concealed material facts in the Notes, debtors have sufficiently argued those issues in the opening brief and will not repeat those here. However, there are specific denials in Sallie Mae's answer which the debtors must address, including whether Sallie Mae ever had a duty to disclose material facts, specifically the "... numerical impact of future interest or capitalization ..." of the loans in the Notes, (Answer, p. 20). Sallie Mae fails to recognize that the Notes, which it copyrighted, specifically refer to Sallie Mae's alleged compliance with federal TILA regulations (ER 91, 95, 99, 104, 108 at § B6). TILA requires

meaningful disclosures in consumer transactions [15 U.S.C. § 1601(a)]. It is undisputed that the Notes are private consumer transactions. Sallie Mae does not raise an argument to the debtors' allegations that the loans are private, consumer loans, subject to consumer remedies (ER 70).

It wasn't until August 14, 2008, that TILA was amended to require disclosures of material facts be made in private education loans, including a potential range of interest rates and the total cost of the loan over its life, among other detailed disclosures [15 U.S.C. §§ 1638(e)(1)(A)-( R)]. While Sallie Mae technically had no duty under TILA to disclose material facts at the time these Notes were signed in 2004, 2005, 2006, and 2007, when Sallie Mae makes specific reference to "Truth in Lending Disclosure" which will be made at a later time (ER 91, 95, 99, 104, 108 at § B6), the consumer debtors believe the reference is to the TILA which is commonly believed to be a protective statute for disclosure. By making this reference, Sallie Mae is inferring it has a duty with which it will comply, when it knows it has no duty to do so and simply does not.

California's Civil Code section 1709 defines fraudulent deceit: "One who wilfully deceives another with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers." (Cal. Civ. Code § 1709). California's Civil Code section 1710 defines deceit:

> A deceit, within the meaning of the last section, is either:
>
> 1. The suggestion, as a fact, of that which is not true, by one who does not believe it to be true;
> 2. The assertion, as a fact, of that which is not true, by one who has no reasonable ground for believing it to be true;
> 3. The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or,
> 4. A promise, made without any intention of performing it.
>
> (Cal. Civ. Code §1710).

Here, as to sub-sections (1) and (2) of section 1710 of the Civil Code, the Sallie Mae Notes suggest and, indeed, assert, that it is complying with the TILA laws which protect the debtors, when it knew at the time it wrote and copyrighted these Notes in 2004, 2005, 2006, and 2007, that there was no TILA obligation for lenders of student consumer loans to make any disclosures. Sallie Mae asserted the fact that it would make "Truth in Lending Disclosure" at a later time (ER 91, 95, 99, 104, 108 at § B6), when the later time was after the student graduated and the loans were due. The 'later' time was far too late for the debtors to understand the extent of the capitalization, how it would affect the balance owed, how it would balloon the payments beyond their ability to pay, or even whether they should consider entering into the loan at all. By the 'later' time anything was disclosed, the loan funds had been disbursed to the school, the student was

-7-

enrolled and then the debt was owed. It was too late when the 'later' time came around. As to sub-section (3) of Civil Code Section 1710, Sallie Mae suppressed the truth that its future disclosures, if any, would not be sufficient to protect the consumer. There is indeed statutory authority giving rise to a duty for Sallie Mae to disclose the "... numerical impact of future interest or capitalization ..." of the loans in the Notes. (Answer, p. 20).

While the debtors could not sue under TILA because its protection was not available when the Notes were signed, and while they have not alleged violations of California's Civil Code sections 1709 or 1710, it has long been a settled rule in California that while there may not be a duty to speak, once a party undertakes to speak, such statements will require the truth be said.

> ... the rule has long been settled in this state that although one may be under no duty to speak as to a matter, "if he undertakes to do so, either voluntarily or in response to inquiries, he is bound not only to state truly what he tells but also not to suppress or conceal any facts within his knowledge which materially qualify those stated. If he speaks at all he must make a full and fair disclosure." (*Rogers v. Warden* (1942) 20 Cal.2d 286, 289 [125 P.2d 7].
>
> *Marketing West, Inc. v. Sanyo Fisher (USA) Corporation* (1992) 6 Cal.App.4th 603, 613.

By making the statements in the Notes that Sallie Mae would make "Truth in Lending Disclosure" at a later time, it knew it could not because there were no

-8-

TILA disclosure requirements in existence at the time the Notes were written and copyrighted or signed. It was a matter of deceiving the debtors to rely upon what consumers generally believe: that TILA disclosures protect the consumer.

Sallie Mae also makes reference to the holding of the *Fargo v. Sallie Mae, Inc.*, 2012 WL 2238027, an unreported state case which denied relief on a similar basis (Answer, p. 20). The debtors point out that the TILA argument outlined here was not considered in the *Fargo* case. The *Fargo* court did not have the benefit of this argument.

C.  TILA Limitations Period Does Not Apply to this Appeal

Sallie Mae argues that the debtors reliance on TILA disclosures is time barred as TILA actions have a limitations period of one year (Answer p. 15, FN 5). While it is true that TILA actions carry a one year statute of limitations [15 U.S.C. § 1640(e)], since the debtors did not pursue a cause of action under TILA, this argument has no meaning or significance to this appeal, and is moot.

D.  The Debtors' Damages Include Capitalized Interest and Loss of Credit.

The answering brief avers that the debtors have sustained no damages arising out of Sallie Mae's failure to make disclosures (Answer, p. 17). The debtors have identified damages including a loss of valuable credit ratings and the excessive capitalized interest (ER 81-82, 87-88).

E.    <u>The Debtors Relied Upon Sallie Mae to Tell the Truth</u>

Sallie Mae answers the appeal by asserting that the debtors failed to plead fraud or deceit with the particularity required by Federal Rule of Civil Procedure Rule 9(b), because the debtors did not rely upon Sallie Mae's failure to disclose (Answer, p. 19). California's Supreme Court answers this allegation by finding:

> Contrary to plaintiffs' assertion, it is not logically impossible to prove reliance on an omission. One need only prove that, had the omitted information been disclosed, one would have been aware of it and behaved differently.

*Mirkin v. Wasserman* (1993) 5 Cal.4th 1082, 1093.

Mrs. Sites alleges that she "... did not sign, and did not authorize her signature, either electronically or otherwise, on any of these loans." (ER 71). The debtors make detailed allegations of the misrepresentations (ER 77-79), the discovery of those misrepresentations (ER 73), the unexpected notice sent to Todd Marek requiring payment of a monthly amount of $1,979 on March 16, 2008 (ER 73), the unexpected notices sent to the debtors showing that the principal balances of the loans had increased in eight months by $44,122 without explanation (ER 74), and the default of the loans without notice (ER 74). The first cause of action for fraud and deceit alleges that none of the debtors knew about the concealed facts, and that they reasonably relied upon Sallie Mae's representations and deceptions, all

of which is a substantial factor in causing their harm (ER 81-82). The reliance has been stated and will be proven by testimony, given that chance, before a jury.

F.   The Second Cause of Action for Breach of Contract is Not Before this Court

Sallie Mae argues that the settled and dismissed second cause of action for breach of contract brought by Mrs. Benis and Todd Marek has current standing to deny the fraud claims under the economic loss rule (Answer, p. 21). The debtors sufficiently argued the economic loss rule in the opening brief and will not revisit those arguments. However, it must be noted that the second cause of action is not before this court on appeal. Indeed, it was voluntarily dismissed with prejudice on a stipulation of the parties (ER 32), by order of the District Court on February 16, 2012.

Simply stated, Mrs. Benis and Todd Marek entered into an accord and satisfaction on two of the Notes with Sallie Mae and the collector defendant, Alliance (ER 83). The settlement agreement was breached when Sallie Mae assigned those two Notes for collection to collector defendant, Oxford Management Services (ER 83). Mrs. Benis and Todd Marek, therefore, alleged a second cause of action for breach of contract on those facts (ER 83).

When the District Court denied the debtors request for reconsideration (ER 38), Mrs. Benis and Todd Marek entered into a settlement with Sallie Mae

and a stipulation for dismissal of the second cause of action (ER 32), which was ordered dismissed by the District Court.

Sallie Mae argues that the fraud claims before this court are based on the same factual allegations as the breach of contract claims in the second cause of action (Answer, p. 21). Mrs. Benis and Todd Marek disagree. The breach of contract action was clearly related only to Sallie Mae's breach of the accord and satisfaction as to two of the Notes. The fraud claims before this court are clearly outlined in the third amended complaint as the deceit and fraud which the debtors reasonably relied upon to their detriment in agreeing to the terms of the Notes. The two actions are based upon different underlying facts and a different basis for relief. The dismissed breach of contract action has no relationship to the deceit and fraud alleged by the debtors in the first cause of action before this court.

///

///

///

III. CONCLUSION

The debtors respectfully request the District Court's November 2011 order dismissing the third amended complaint with prejudice (ER 38) be vacated and this action remanded for further proceedings.

DATED:   June 17, 2013            Respectfully submitted,

                                  LEWIS LAW

                                      /s/ Patricia Lewis

                                  By: _____
                                      Patricia Lewis
                                      Attorney for Plaintiffs-Appellants,
                                      Edna Benis, Pamela Marek Sites,
                                      Todd Marek

**Form 6.  Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    [x] this brief contains  2,807  words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

    [ ] this brief uses a monospaced typeface and contains _____ lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    [x] this brief has been prepared in a proportionally spaced typeface using *(state name and version of word processing program)* Word Perfect 12 *(state font size and name of type style)* Times New Roman 14 , *or*

    [ ] this brief has been prepared in a monospaced spaced typeface using *(state name and version of word processing program)* _____ with *(state number of characters per inch and name of type style)* _____

Signature  /s/ Patricia Lewis

Attorney for  Plaintiffs-Appellants, Benis, Sites, Marek

Date  June 17, 2013

9th Circuit Case Number(s) | 12-55839

**NOTE:** To secure your input, you should print the filled-in form to PDF (File > Print > *PDF Printer/Creator*).

*************************************************************************

## CERTIFICATE OF SERVICE
### When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | June 17, 2013 | .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | /s/ Patricia Lewis

*************************************************************************

## CERTIFICATE OF SERVICE
### When Not All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) | | .

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that some of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participants:

Signature (use "s/" format) |